IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PRUCO LIFE INSURANCE, | ) | |
| | ) | Civil Action No. 18-1515 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| DAN ZELENSKI, SENTA ZELENSKI, and | ) | |
| BRANDI SEXTON, *solely in her capacity* | ) | |
| *as Administratrix of the Estate of Brenda* | ) | |
| *Zelenski*, | ) | |
| | ) | |
| Defendants. | | |

## **MEMORANDUM AND ORDER**

### **I. MEMORANDUM**

On November 11, 2018, Plaintiff Pruco Life Insurance ("Pruco") filed an Interpleader Complaint, (hereinafter, "Complaint," Doc. 1), against the putative beneficiaries of death benefits payable under an annuity issued by Pruco, Defendants Dan Zelenski ("Dan") and Senta Zelenski ("Senta"), as well as Defendant Brandi Sexton ("Brandi").[1] On June 19, 2019, the amount of the death benefit was deposited with the Court. (Doc. 21.) On July 10, 2019, the Court entered an Order granting interpleader relief and dismissing Pruco. (Doc. 24).

Thereafter, on July 25, 2019, Brandi filed an Answer and asserted a crossclaim against Dan and Senta for the benefits, arguing that because her late mother, Brenda Zelenski,[2]

---

[1] On August 22, 2014, Pruco issued a variable annuity, Number E1709774 to Daniel Zelenski, Dan and Senta's father. (Complaint at ¶ 7; Complaint at Ex. B (annuity contract).) All references to the "Annuity" are references to this annuity, and references to the "benefits" or "annuity benefits" are to the amount of death benefits payable under the policy, which has been deposited with the Court. (Docs. 21 and 22.)

[2] Brenda Zelenski is also known as "Brenda Fleming" or "Brenda Kay Fleming." (Complaint at ¶ 8; Brandi Sexton's Breif (sic) in Support of Motion to Dismiss Defendants/Crossclaim

("Brenda"), was the primary beneficiary, Brandi was entitled to the benefits pursuant to the language of the Annuity. (Brandi Sexton's Answer to Interpleader Complaint and Crossclaim for Declaratory Judgment, hereinafter "Brandi's Crossclaim," Doc. 26 at ¶ 24.) Dan and Senta asserted their own crossclaim against Brandi, arguing a beneficiary change made in October of 2017 is void and that Brenda cannot receive the benefits pursuant to the Pennsylvania Slayers Act, 20 Pa. C.S. §§ 8801–8815, ("Slayers Act"). (Defendants/Corssclaim (sic) Plaintiffs Dan Zelenski's and Senta Zelenski's Answer to Interplead and Crossclaim for Declaratory Judgment, hereinafter "Dan and Senta's Crossclaim," Doc. 27 at ¶¶ 21–30.) On August 31, 2019, Brandi moved to dismiss Dan and Senta's crossclaim. (Brandi Sexton's Motion to Dismiss Defendants/Crossclaim Plaintiffs Dan Zelenski's and Senta Zelenski's Crossclaim for Declaratory Judgment, hereinafter, "Motion to Dismiss," Doc. 30). Dan and Senta opposed the Brandi's motion to dismiss on September 20, 2019. (Dan Zelenski's and Senta Zelenski's Breif (sic) to Motion to Dismiss, hereinafter "Response," Doc. 34.)

After consideration of all the relevant documents and briefing, Brandi's Motion to Dismiss will be granted.

### A.     **BACKGROUND**

On or about August 22, 2014, Pruco issued the Annuity to Daniel Zelenski ("Zelenski"), the father of Dan and Senta. (Complaint at ¶ 7.) At the time it was issued, Zelenski designated Dan, Senta, and his wife, Brenda, as the beneficiaries of the death benefit payable under the Annuity. (Id. at ¶ 8.)

On or about October 16, 2017, Zelenski submitted a beneficiary change for the Annuity's death benefit, designating Brenda as the primary beneficiary and Dan and Senta as contingent

---

Plaintiffs Dan Zelenski's and Senta Zelenski's Crossclaim for Declaratory Judgment, hereinafter "Brief in Support," Doc. 31, at 2.).

beneficiaries. (Id. at ¶ 9.) Zelenski died on March 3, 2018. (Id. at ¶ 10.) Brenda died on March 11, 2018, eight days after Zelenski. (Id. at ¶ 12.) Both Brandi, in her capacity as administratrix of her mother's estate, and Dan and Senta, claim entitlement to the full amount of the death benefit.

### B. ANALYSIS

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). For purposes of this motion, the well-pleaded factual allegations contained in Dan and Senta's crossclaim are accepted. Fowler, 578 F.3d at 210–11.

Brandi advances two arguments in her Motion to Dismiss. First, that Dan and Senta failed to sufficiently plead their allegations that the Slayers Act bars Brenda, and thus her estate, from any claim to the Annuity, and second, that Dan and Senta have failed to allege any facts suggesting that Zelenski lacked the capacity to make the October 2017 beneficiary change. Each will be addressed in turn.

### A. Slayers Act

The Slayers Act prevents persons who participate in "the willful and unlawful killing of any other person" from acquiring property or benefits as a result of the killing. See 20 Pa.C.S. § 8801 (defining slayer); id. at § 8802 (prohibition on inheritance). Thus, if Brenda is a "Slayer" under the Act, the death benefits pass to Dan and Senta.

Brandi argues that Dan and Senta have not plausibly pleaded their claim that Brenda attacked Zelenski or any facts that support an investigation into their father's death. Brandi points to the death certificates Pruco attached to its Complaint and states that an investigation by

3

the state has already been performed.[3]  Specifically, an autopsy of Zelenski was performed and his death certificate indicates his manner of death was suicide and specifies that "Decedent stabbed himself numerous times."  (Brief in Support at 6–7; Doc. 1-1 at 81 (Zelenski's death certificate).)  She characterizes Dan and Senta's crossclaim as no more than a "baseless assertion" accompanied by no facts whatsoever.

In Response, Dan and Senta argue they have met the pleading threshold at this stage. (Response at 5–6.)  Specifically, they highlight this paragraph of their crossclaim, which reads in its entirety:

> 23.    Defendants Dan Zelenski and Senta Zelenski are investigating the circumstances of the death of their father, Zelenski, and of their step-mother, Brenda, and if that investigation proves that Brenda was the attacker and caused the death of Zelenski, then pursuant to Pennsylvania's Slayers Act, 20 Pa.C.S. §8802, Brenda would not be eligible to be a beneficiary of the Annuity at issue, and thus Brandi, as the Administratrix of the Estate of Brenda Zelenski, would be ineligible to receive the annuity death benefits.

(Dan and Senta's Crossclaim at ¶ 23.)  Dan and Senta argue that they need not to have pleaded more than that "Brenda was the slayer" and they have done so.  (Response at 6.)

After consideration of both arguments, the Court agrees with Brandi.  The Court can find no other allegations related to this issue in Dan and Senta's crossclaim, and Dan and Senta direct the Court to none other than this single paragraph.  (Id.)  Contrary to what Dan and Senta argue they have pleaded, the Court disagrees that they plausibly asserted that Brenda is a "slayer" within the meaning of the statute.  Rather, they have stated that they "are investigating" the circumstances of the death of their father, and not that any conclusion has been reached other than mere suspicion (if that).

---

[3] As these documents were attached to the Complaint, the Court may properly rely upon them at this stage.  In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Dan and Senta have not put forth any facts as to why such an investigation is necessary, what its parameters would be and who is performing, or any factual reason to believe that Brenda was responsible for Zelenski's death. They do not even allude to a belief as to why Brenda could have been the aggressor. As such, there Court finds Dan and Senta's pleading lacks any facts that support their crossclaim in this respect, let alone "[f]actual allegations [that are] enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Therefore, Brendi's Motion to Dismiss with respect to this issue will be granted.

Furthermore, the Court has no reason to suspect that, if given the opportunity to amend, Dan and Senta would be able to plausibly plead this aspect of their crossclaim. State officials investigated the deaths of Zelenski and Brenda and concluded that Zelenski committed suicide and the manner of Brenda's death was a homicide. (Doc. 1-1 at 81 (Zelenski's death certificate); Brandi's Crossclaim at ¶ 23.) The Court specifically finds that amendment would be futile and therefore will dismiss with prejudice. In re Burlington Coat Factory Sec. Litig., 114 F.3d. at 1434 ("'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted."); see also Heine v. Bureau Chief Division of Fire and Safety, 765 F. App'x 816, 820–22 (3d Cir 2019) (affirming dismissal with prejudice where there was "no reason to believe that appellants' claims could be salvaged by amendment.").

### B. Testamentary Capacity

Dan and Senta also assert in their crossclaim that Zelenski lacked testamentary capacity when, in October of 2017, he changed the Annuity's beneficiary designations and made Brenda his primary beneficiary. (Dan and Senta's Crossclaim at ¶¶ 26, 27.)

Brandi argues again that this claim is unsupported. (Brief in Support at 7.) In Response, Dan and Senta argue that the two paragraphs in which this theory is pleaded, reproduced fully below, are sufficient to allow them to proceed beyond this stage:

> 26. According to the paperwork produced by Pruco, Zelenski changed the beneficiary designation on or about October 16, 2017, removing his children as beneficiaries and designating Brenda as the sole beneficiary. See Doc. 1-1, p. 75-79.
>
> 27. Upon information and belief, Crossclaim Plaintiffs Daniel Zelenski and Senta Zelenski believe, and therefore aver, that Zelenski lacked testamentary capacity at the time he made the change in beneficiary, and thus the change in beneficiary should be voided.

(Dan and Senta's Crossclaim at ¶¶ 26, 27.)

Plainly, these paragraphs do not plausibly plead any claim that Zelenski lacked capacity to make a beneficiary change, as they contain only allegations without any facts. Paragraph 26 states that a change was made. Paragraph 27 conclusory states that Dan and Senta believe that Zelenski lacked capacity. This amounts to nothing more than, as Brandi points out, "labels and conclusions." Iqbal, 556 U.S. at 678 ("Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" (quoting Twombly, 550 U.S. at 557).)

Dan and Senta's elaboration on this argument in their Response does not bolster this claim with any facts. Rather, they offer the following bizarre speculation:

> If Daniel Zelenski did die of self-inflicted multiple stab wounds as movants allege, such an act, hardly that of a rational or sane person, hardly the act of one who would have testamentary capacity, so close in time to the changing of the beneficiaries is evidence that at the time he made the beneficiary change, Daniel Zelenski lacked testamentary capacity.

(Response at 6–7.) The Court notes that the beneficiary change was made nearly half a year before Zelenski died. (Complaint at ¶ 9.)

6

With respect to this aspect of their crossclaim, however, the Court cannot say that amendment would be futile. Therefore, Dan and Senta's crossclaim with respect to testamentary capacity is dismissed without prejudice to reassertion based on <u>facts</u>, not speculation or conclusions.

## II. ORDER

Brandi Sexton's Motion to Dismiss (Doc. 30) is **GRANTED**. Dan and Senta Zelenski's claim based on the Pennsylvania Slayers Act is **DISMISSED WITH PREJUDICE**, and their claim based on testamentary capacity is **DISMISSED WITHOUT PREJUDICE** to amendment with sufficient facts to state a claim. Dan and Senta must file their amended crossclaim on or before **April 10, 2020**. If Dan and Senta fail to file an amended crossclaim by that date, any crossclaim based on testamentary capacity will be dismissed with prejudice.

IT IS SO ORDERED.

March 27, 2020
                                                        s\Cathy Bissoon
                                                        Cathy Bissoon
                                                        United States District Judge

cc (via ECF email notification):

All Counsel of Record