IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PRUCO LIFE INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 18-1515 |
| | ) |
| DAN ZELENSKI, SENTA ZELENSKI, and | ) |
| BRANDI SEXTON solely in her capacity as | ) |
| Administratrix of the Estate of Brenda Zelenski, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

**I. MEMORANDUM**

Presently before the Court is Defendant/Crossclaim Plaintiff Brandi Sexton's Motion to Dismiss Defendants/Crossclaim Plaintiffs Dan Zelenski's and Senta Zelenski's Amended Crossclaim for Declaratory Judgment and brief in support thereof (Docket Nos. 41, 42), Defendants/Crossclaim Plaintiffs Dan Zelenski's and Senta Zelenski's response and brief in opposition thereto (Docket Nos. 45, 46), and Defendant/Crossclaim Plaintiff Brandi Sexton's reply brief (Docket No. 47). For the reasons set forth herein, Brandi Sexton's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) will be denied.

**A. Background**

On or about August 22, 2014, Plaintiff Pruco Life Insurance Company ("Pruco") issued an annuity to Daniel Zelenski ("Zelenski"), the father of Defendants/Crossclaim Plaintiffs Dan

1

Zelenski ("Dan") and Senta Zelenski ("Senta").[1]  (Docket No. 1, at ¶ 7).  At the time of issuance, Zelenski designated Dan, Senta, and his wife, Brenda Zelenski ("Brenda"),[2] as the beneficiaries of the death benefit payable under the annuity (hereinafter, "death benefit").  (Id. at ¶ 8).  On or about October 16, 2017, Zelenski submitted a beneficiary change, designating Brenda as the primary beneficiary, and Dan and Senta as contingent beneficiaries, of the death benefit.  (Id. at ¶ 9).  Zelenski died on March 3, 2018, and Brenda died eight days later, on March 11, 2018.  (Id. at ¶¶ 10, 12).

On November 13, 2018, Pruco filed an Interpleader Complaint against the putative beneficiaries of the death benefit, Dan, Senta, and Brenda's daughter, Defendant/Crossclaim Plaintiff Brandi Sexton ("Brandi"), in her capacity as administrator of her mother's estate. (Docket No. 1).   On June 12, 2019, District Judge Cathy Bissoon ordered that the amount of the death benefit be deposited with the Court (Docket No. 21), and on July 10, 2019, she entered an order granting interpleader relief and dismissing Pruco from the case (Docket No. 24).

On July 25, 2019, Brandi filed an Answer to Interpleader Complaint and Crossclaim for Declaratory Judgment, arguing that she is entitled to the death benefit in its entirety because her mother was the primary beneficiary under the language of the annuity.  (Docket No. 26, at ¶ 24). On July 29, 2019, Dan and Senta filed their Answer to Interpleader and Crossclaim for Declaratory Judgment, arguing that the beneficiary change made in October 2017 is void due to their father's lack of testamentary capacity, and that the Pennsylvania Slayers Act, 20 Pa. C.S. §§ 8801 et seq., bars Brenda from being the recipient of the death benefit.  (Docket No. 27, at ¶¶ 21-30).  On August 31, 2019, Brandi filed a motion to dismiss Dan and Senta's crossclaim.

---

[1] A copy of the annuity issued to Zelenski by Pruco (hereinafter, "annuity") is attached to the Complaint.  (Docket No. 1, Ex. B).

[2] In various documents, Brenda is also referred to as "Brenda Fleming" or "Brenda Kay Fleming."

(Docket No. 30). On March 27, 2020, Judge Bissoon granted Brandi's motion, dismissing with prejudice Dan and Senta's claim based on the Pennsylvania Slayers Act, and dismissing, without prejudice to amendment with sufficient facts to state a claim, Dan and Senta's claim based on Zelenski's alleged lack of testamentary capacity. (Docket No. 35, at 7).

On May 7, 2020, Dan and Senta filed an Amended Crossclaim for Declaratory Judgment ("Amended Crossclaim"), pleading additional facts to support their claim that the beneficiary change is void due to their father's lack of testamentary capacity, and that the death benefit should be paid out as originally designated (divided among Dan, Senta, and Brandi as administrator of Brenda's estate). (Docket No. 40). On, May 26, 2020, Brandi filed a motion to dismiss Dan and Senta's Amended Crossclaim pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that it again fails to state a claim upon which relief may be granted. (Docket No. 41). The case was reassigned to Judge W. Scott Hardy on September 23, 2020.

### B. Standard of Review

In considering a Rule 12(b)(6) motion to dismiss, the factual allegations contained in the complaint must be accepted as true and must be construed in the light most favorable to the plaintiff, and the court must "'determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)); see Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 563 n.8 (2007). While Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," the complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Phillips, 515 F.3d at 231 (quoting Twombly, 550 U.S. at 555 (additional internal citation omitted)).

It should be further noted that, in order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). The standard "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234 (quoting Twombly, 550 U.S. at 556).

C. Legal Analysis

  1. Lack of Testamentary Capacity

As set forth, supra, Dan and Senta allege in their Amended Crossclaim that Zelenski lacked testamentary capacity on October 16, 2017, when he changed the annuity's beneficiary designations to make Brenda his primary beneficiary. (Docket No. 40). Brandi argues in her motion to dismiss that, even with the additional facts that Dan and Senta have pled in their Amended Crossclaim, their claim is not adequately supported and still fails to state a claim upon which relief can by granted.

Under applicable Pennsylvania law, testamentary capacity is presumed, and a person possesses testamentary capacity if he knows "'the natural objects of his bounty, of what his estate consists, and of what he desires done with it.'" Williams v. McCarroll, 97 A.2d 14, 19 (Pa. 1953) (quoting In re Franz's Estate, 84 A.2d 292, 295 (1951)); see In re Estate of LeVeglia, No. 11-9066, 2013 WL 8538688, at *5 (Pa. Com. Pl. June 21, 2013). Further, "'[t]he determinative time [of such testamentary capacity] to be considered is at the very time of the execution of the will.'" In re Milleman's Estate, 203 A.2d 202, 210 (Pa. 1964) (quoting In re Hall's Estate, 166 A.2d 644, 647-48 (Pa. 1961)). Although "where mental capacity is at issue, the real question is the condition of the testator at the very time he executed" a document,

"evidence of capacity or incapacity *for a reasonable time before and after* the making of the will is admissible as indicative of capacity or the lack of it on the particular day." Williams, 97 A.2d at 19-20 (emphasis added) (citing Aggas v. Munnell, 152 A. 840, 843 (Pa. 1930); In re Higbee's Estate, 75 A.2d 599, 601 (Pa. 1950)).

In her motion to dismiss, Brandi argues (without citation to legal authority) that the facts that Dan and Senta assert to show Zelenski's testamentary incapacity did not occur within a reasonable time before or after he made the beneficiary change at issue. Brandi further contends (also without citation to legal authority) that—to the extent Dan and Senta do assert facts that occurred reasonably close to the time of the beneficiary change—such facts are simply not sufficient to show testamentary incapacity. Upon review of the Amended Crossclaim, the Court does not agree.

For instance, although Dan and Senta plead that their father had a history of psychological issues beginning at least two years before he made the beneficiary change at issue in this case (including a week-long psychiatric admission in March 2016), the Court notes that they also specifically allege that they noticed a rapid deterioration in his condition starting in July 2017 and accelerating in September 2017. (Docket No. 40, at ¶¶ 27, 31, 54). They further allege that, during this time, Zelenski became obsessed with a false belief that he was dying of cancer, and that he called them at odd hours at which point they tried to convince him that he was not, in fact, dying of cancer. (Id. at ¶¶ 54, 55). Dan and Senta also contend that in September and October of 2017, Zelenski became more withdrawn and obsessed with the idea that he was going to die, and that he failed to respond to their texts and calls (which was unusual for him) and failed to call Senta on her birthday on October 28th (which had never happened before). (Id. at ¶ 34).

Additionally, Dan and Senta allege that on November 1, 2017 (about two weeks after the beneficiary change had been made), their father presented to a medical center reporting a loss of appetite and increased depression over the previous two months. (Id. at ¶¶ 35, 36). They also assert that Zelenski was seen at that medical center again on November 20, 2017 because of worsening depression and feeling like he was going to die. (Id. at ¶ 37). Dan and Senta state that their father then underwent a second psychiatric admission on November 27, 2017, just over a month after he had made the beneficiary change. (Id. at ¶ 36). They assert that Zelenski's admission information notes that, "Patient's wife states that the patient is delusional and hallucinating," and that he was under emotional distress and felt like he was dying. (Id. at ¶¶ 38, 39). They explain that Zelenski's diagnosis was chronic psychosis with paranoia and mild acute renal failure. (Id. at ¶ 40). Dan and Senta further cite to various medical admission records indicating that their father had been experiencing worsening depression, had become obsessed with dying, and that his depression had worsened since the "unfortunate death of his grandson in 2015," even though his grandson had not, in fact, died. (Id. at ¶¶ 42, 45, 46). Further, they allege that the assessment and plan from the first follow-up appointment after their father's psychiatric admission includes notations of mood disorder and psychosis, and that psychosis appears as a symptom in each of Zelenski's records from the medical center until the time of his death several months later. (Id. at ¶ 50). Finally, Dan and Senta explain that their father allegedly killed himself on March 3, 2018, and also attacked his wife Brenda at that time, which resulted in her death shortly thereafter. (Id. at ¶ 33).

Upon consideration of the facts alleged in the Amended Crossclaim and whether that pleading can withstand a Rule 12(b)(6) motion to dismiss, the Court notes at the outset that Dan and Senta—and Brandi—all rely in part on the Pennsylvania Supreme Court's opinion in

Williams v. McCarroll, 97 A.2d 14 (Pa. 1953), to support their arguments.  In that case, the court noted that, although evidence existed from two years before and five months after the will at issue had been entered into—and that such evidence was relevant to showing the testator's incapacity at those points in time—evidence also existed from the time the contested will was actually made, which clearly showed the testator to be of sound mind at that time.  See id. at 20.  Specifically, two witnesses, the testator's lawyer who executed the will and the testator's doctor who had examined the testator the day before he made the will, testified that the decedent possessed testamentary capacity at the time he made the will at issue, which simply overwhelmed the other evidence.  See id.  Thus, the court explained that evidence of capacity or incapacity from "a reasonable time before and after" a will is made is admissible as indicative of capacity or lack thereof on a particular day, but that, in that case, the evidence from two years before and five months after the will had been executed was simply not as strong as the contemporaneous evidence put forth by proponents of the will.  Id. at 19-20.

      Seeking to apply the reasoning of Williams to the present case, Brandi argues that the allegations from the entire time period before and after October 16, 2017 (the date on which Zelenski changed beneficiaries) is, in essence, irrelevant because Dan and Senta plead facts that are contemporaneous to that date, and those facts alone do not sufficiently support their claim of testamentary incapacity.  (Docket Nos. 42, at 6; 47, at 2-3).  On the other hand, Dan and Senta argue that facts from the time period spanning two years before until five months after the beneficiary change is relevant to determining Zelenski's testamentary capacity at the time of the beneficiary change because the court determined that such time period was reasonable for consideration in Williams.  (Docket No. 46, at 8, 12).

7

The Court is not persuaded that the Pennsylvania Supreme Court's opinion in <u>Williams</u> fully supports either of the parties' arguments, however.  More specifically, <u>Williams</u> does not hold that only evidence from the actual day at issue is relevant to showing testamentary capacity if such evidence is offered, as evidence from two years before and five months after was considered alongside contemporaneous evidence in that case.  However, <u>Williams</u> also does not necessarily hold that the specific time period from two years prior until five months after a certain day is always relevant to showing testamentary capacity on that day.  Rather, what the court does clearly state in <u>Williams</u> is that evidence from a reasonable time before and after a testator makes a will is relevant to determining the testator's capacity on that particular day, which in that case included a time period similar to the time period Dan and Senta urge the Court to consider here.  <u>See</u> 97 A.2d at 19-20.

Therefore, upon careful consideration, the Court finds that the Amended Complaint pleads sufficient facts to plausibly plead a claim that Zelenski lacked testamentary capacity to make the October 16, 2017 beneficiary change at issue.  More specifically, while the Amended Complaint alleges facts from approximately two years before Zelenski changed beneficiaries (including his early inpatient psychiatric admission) until approximately five months after the beneficiary change (the time of his death), it also alleges many facts from 1-2 months before the beneficiary change (increased depression, withdrawal, and unreasonable fear that he was dying) until just over a month after the beneficiary change (his second inpatient psychiatric admission).  Therefore, the Court concludes that, considering the facts of this particular case, Dan and Senta have sufficiently pled facts that are reasonably close to the time of the beneficiary change, and such facts are of sufficient significance, that they plausibly plead a claim of lack of testamentary capacity on that date.

Accordingly, the Court finds that Dan and Senta have alleged sufficient facts to support their claim of lack of testamentary capacity under Pennsylvania law, and they have thus pled sufficient facts to state a claim upon which relief can be granted.

### 2. Request for Relief

At the end of Brandi's brief in support of her motion to dismiss, she requests, in the alternative, that the Court strike Dan and Senta's Request for Relief wherein they claim that they are entitled to an annuity allocation of 40% to Dan, 40% to Senta, and 20% to Brenda/Brandi. (Docket No. 42, at 8-9).  Brandi does not cite a rule pursuant to which she makes this request, and the procedural basis for her request to strike is not otherwise apparent to the Court. Moreover, the Court notes that granting Brandi's request would, in essence, require the Court to make a ruling on the death benefit allocation among the beneficiaries, and the Court finds that such a ruling would be premature and inappropriate at this juncture.

Accordingly, Brandi's request to strike the Request for Relief is denied.

## II.  ORDER

For the reasons stated, Brandi's motion to dismiss Dan and Senta's Amended Crossclaim pursuant to Federal Rule of Civil Procedure 12(b)(6) (Docket No. 41) is DENIED, and her request, in the alternative, to strike Dan and Senta's Request for Relief is DENIED.

IT IS SO ORDERED.

Dated:       November 24, 2020                                     *s/ W. Scott Hardy*
                                                                   W. Scott Hardy
                                                                   United States District Judge

cc/ecf:       Counsel of Record

9